**WALT'S SHEET METAL, and Underwriters Adjusting Co., Appellants,**

v.

**Mitchell DEBLER, Appellee.**

**No. S–4253.**

Supreme Court of Alaska.

Feb. 21, 1992.

John E. Casperson, Faulkner, Banfield, Doogan & Holmes, Anchorage, for appellants.

Dennis E. McKelvie, Fairbanks, for appellee.

## OPINION

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

MOORE, Justice.

Walt's Sheet Metal and Underwriters Adjusting Company (collectively "the employer") appeal a ruling by the Alaska Workers' Compensation Board that the medical costs of a proposed medical procedure must be paid by the employer. The employer argues that the Board failed to examine whether Debler's "intentional or reckless conduct" was a superseding cause of his new injuries. We affirm the Board's decision because the record contains insufficient evidence to overcome the statutory presumption that Debler did not wilfully intend to injure himself.

## I.

On February 2, 1984, while employed as a sheet metal worker for Walt's Sheet Metal, Mitchell Debler suffered a back injury when struck by falling ductwork. After the accident, several physicians diagnosed Debler as having a herniated disc, chronic alcoholism, pancreatitis, arthritis and gout. Despite back operations in 1984 and 1985, Debler's symptoms worsened, and in late 1986 Dr. George Sims found Debler to be 50 percent disabled from the neuropathy resulting from his injury, and 50 percent disabled from his chronic alcoholism and resulting pancreatitis. In June 1988, Debler underwent a disc excision and fusion surgery performed by Dr. William Duffy and Dr. David Jones.

The employer provided Debler with compensation, medical benefits and vocational rehabilitation for an extended period until a dispute over compensability arose when Debler's ability to return to work was affected by alcohol-related criminal charges brought against him in California. This dispute was resolved in May 1988 in a court-approved Compromise and Release. The employer subsequently terminated home health care benefits to Debler as a result of its discovery that Debler was double-billing for transportation provided to him by a home health care service.[1]

In August 1988, Debler was arrested for public intoxication in a Yuba City, California bowling alley. While being arrested, he resisted arrest and fought with the arresting officer. The officer forced Debler to the ground, causing facial abrasions for which Debler was later taken to a hospital. In February 1989, Dr. Duffy wrote a letter to the employer indicating that the bone graft used in the fusion had been displaced into the spinal canal and required removal, and that the vertebrae needed to be refused. The employer filed a Controversion Notice on February 17, 1989, claiming that it was not obligated to pay for the additional surgery because there was an "intervening cause and negligent conduct."

The Board held that Debler's claim was still compensable, and awarded medical

---

**1.** This termination of home health care benefits   is not at issue in this case.

benefits related to the refusion surgery and subsequent necessary care, including reasonable and necessary home health care benefits if Debler should undergo additional surgery. The Board wrote:

> The Alaska Supreme Court ruled on a situation similar to the case before us in *Alaska Pac. Assurance Co. v. Turner*, 611 P.2d 12, 14 (Alaska 1980), holding that where an employee was injured at work then suffered an aggravation unrelated to employment, the employer could escape liability only if it could show that the work-related injury was not a "substantial factor contributing to the later injury." The record available to us reflects that all of the employee's physicians consider the spinal herniation to have been caused by his employment. Both of the employee's current physicians believe that the employee's work injury caused the underlying injury giving rise to his present condition. Although the employee's symptoms after fighting the police officer may suggest some sort of aggravation, we find by the preponderance of the evidence that the employee's February 2, 1984 injury was a substantial factor in bringing about the failed fusion suffered by him in his present condition. We conclude that the claim is still compensable.

The employer appealed the Board's decision to the superior court, arguing that the Board erroneously failed to consider whether Debler's conduct was a superseding cause of his injuries. In September 1990, the superior court rejected that appeal. Superior Court Judge Jay Hodges held that there was substantial evidence before the Board that Debler's injury was work-related, and there was substantial evidence that the original injury was a substantial factor in Debler's recurring medical problems. Judge Hodges also held that there was no evidence before the Board that Debler's conduct was intentional or wilful, and that there was substantial evidence that the arrest incident was not an intervening cause. This appeal followed.

## II.

■ Under the Alaska Workers' Compensation Act, an employee's injury is presumed to have arisen out of his employment. Alaska Statute 23.30.120(a) provides:

> In a proceeding for the enforcement of a claim for compensation under this chapter it is presumed, in the absence of substantial evidence to the contrary, that (1) the claim comes within the provisions of this chapter;
>
> . . . .
>
> (4) the injury was not occasioned by the wilful intention of the injured employee to injure or kill self or another.

The Alaska Supreme Court has construed this statute to mean that, in cases involving the reinjury of a work-related injury, "if an 'earlier compensable injury is a substantial factor contributing to the later injury, then the later injury is compensable.'" *Alaska Pac. Assurance Co. v. Turner*, 611 P.2d 12, 14 (Alaska 1980) (citing *Cook v. Alaska Workmen's Compensation Bd.*, 476 P.2d 29, 35 (Alaska 1970)). The Board explicitly applied the *Turner* rule in this case, finding "by the preponderance of the evidence that the employee's February 2, 1984 injury was a substantial factor in bringing about the failed fusion suffered by him in his present condition."

The employer complains that the Board failed to also examine whether Debler's "intentional or reckless misconduct" relieved the employer of the duty to pay for the additional surgery. If Debler's injuries were proximately caused by his wilful intent, it maintains, his actions constituted an intervening cause which bars an award of compensation under the Workers' Compensation Act. Debler maintains that the Board's failure to explicitly discuss AS 23.30.235 should be treated as harmless error because substantial evidence supports the Board's findings.

Alaska Statute 23.30.235 provides that compensation may not be allowed under the Workers' Compensation Act for an injury "proximately caused by the employee's wilful intent to injure or kill any person." The employer therefore should have been

relieved of its obligation to pay for Debler's additional surgery if Debler's reinjury was proximately caused by his wilful intent to injure himself.[2] Under AS 23.30.120(a)(4), absent substantial evidence to the contrary, injuries are presumed not to be occasioned by the wilful intention of an employee.

■■■ We affirm the Board's decision because the record contains insufficient evidence to overcome the statutory presumption that Debler did not wilfully intend to injure himself. An act is wilful if it is done intentionally and purposefully, rather than accidentally or inadvertently.[3] *See* Black's Law Dictionary 1434 (5th ed. 1979). Mere recklessness does not constitute wilful conduct. Debler may have acted recklessly when he resisted arrest and fought with the arresting officer, but he clearly did not act with the intent to reinjure his back. Alaska Statute 23.30.235 therefore does not apply to this case.[4]

The employer argues that the application of AS 23.30.235 should not be limited to those situations in which an employee specifically intends to injure himself, for such a standard would allow a convalescing employee to engage in risky activities with the assurance that his employer will be required to pay for any aggravation of the employee's injury. This argument ignores the statute's unequivocal language. If AS 23.30.235 is to be modified to provide a defense based on the misconduct or reckless behavior of employees, the legislature should make that modification.

The decision of the Board is AFFIRMED.

2. The employer does not argue, nor is there evidence in the record, that Debler intended to injure the arresting officer.

3. Professor Larson has written that "[t]he words 'wilful intent to injure' obviously contemplate behavior of greater deliberateness, gravity and culpability than the sort of thing that has sometimes qualified as aggression." 1 A. Larson, *The Law of Workmen's Compensation* § 11.15(d) (1990). Larson's treatise also states that:

> If the claimant, instead of allowing his wound to heal, deliberately engages in conduct which presents a strong probability of reopening the wound, the reinjury is not compensable. Thus when a claimant, whose hand was healing nicely, rashly decided to get into a boxing match, and tore open and infected the wound, he could not attribute the aggravation to the employment.

*Id.* at § 13.22(a).

4. Citing Professor Larson's treatise, the employer argues that it should not be required to pay for any additional surgery necessitated by Debler's "misconduct." According to Professor Larson, the laws of twenty-three states provide that an employer is relieved of its duty to compensate injuries resulting from an employee's wilful intention to injure another, while the workers' compensation laws of another seventeen states "contain some kind of defense based on wilful misconduct." 1 A. Larson, *The Law of Workmen's Compensation* § 11.15(d) (1990). Because AS 23.30.235 requires "wilful intent," mere misconduct is insufficient to trigger that statutory provision.